IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INTERNATIONAL UNION OF PAINTERS, AND ALLIED TRADES DISTRICT COUNCIL NO. 21 HEALTH AND WELFARE FUND, et al. | : : : : | CIVIL ACTION |
| Plaintiffs, | : : | |
| v. | : : | No. 18-2611 |
| MARRERO GLASS AND METAL, INC. | : : | |
| Defendant. | : : | |

**ORDER**

**AND NOW,** this 24th day of October, 2018, upon consideration of Plaintiffs' Motion for Default Judgment (Doc. No. 9), Defendant's Response (Doc. No. 15), Plaintiffs' Affidavit in Support of its Damages (Doc. No. 21), Defendant's Letter Response (Doc. No. 22), and Defendant's Motion for Reconsideration (Doc. No. 23), and following hearings on October 9, 2018 and October 15, 2018, where I entered default judgment under the factors enumerated by the United States Court of Appeals for the Third Circuit,[1] it is hereby **ORDERED** as follows:

1. Defendant's Motion for Reconsideration (Doc. No. 23) is **DENIED**.

2. Plaintiffs' Motion for Default Judgment (Doc. No. 9) is **GRANTED**.

3. **JUDGMENT IS ENTERED** in favor of Plaintiffs and against Defendant in the following amounts:[2]

---

[1] The three factors include: (1) whether the plaintiff will be prejudiced if the default is denied; (2) whether the defendant has a meritorious defense; and (3) whether the default was the product of defendant's culpable conduct. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

[2] These amounts are undisputed except as noted in any accompanying footnotes.

    a. $46,597.10 representing the unpaid balance owed by Defendant on the Settlement Agreement between the parties;

    b. $289,560.19 representing the current delinquency owed by Defendant for the months of April through July 2018, and inclusive of the following amounts:

        i. $235,803.22 of principal;

        ii. $5,496.94 of statutory interest;

        iii. $48,260.03 of liquidated damages;[3] and

    c. $12,278.00 representing legal fees[4] incurred in connection with Plaintiffs' efforts to collect the foregoing amounts from Defendant.

---

[3] Defendant's Motion for Reconsideration and letter response to Plaintiffs' Affidavit of Damages argues that it is not obligated to pay more than $1,000 in liquidated damages under ¶ 13.13.1 of the Collective Bargaining Agreement ("CBA"). Specifically, the CBA provides for liquidated damages of $500 on a delinquent employer in circumstances where a report is submitted in a timely manner, but the employer has failed to pay the appropriate contribution. Defendant contends that, under this provision, it owes $1000—which is equal to $500 per month for the months of April and May wherein the union contributions were not made.

    Defendant's argument, however, disregards the remainder of paragraph 13.13.1 of the CBA, which states that "[n]othing contained herein shall be construed as a limitation on the right of any Fringe Benefit Fund to impose liquidated damages and/or costs of collection proceedings on a 'delinquent' [employer] in accordance with provisions set forth in ERISA or applicable law." (Pls.' Motion for Default Judgment, Ex. A, ¶ 13.13.1.) The Plaintiffs' Delinquency Policy provides that, "[i]n the event that the delinquency is referred to counsel for litigation"—as is the case here—"liquidated damages in the amount of twenty percent (20%) of the principal amount due shall be added in addition to the liquidated damages set forth in paragraph 3 above [which provision provides for $500 liquidated damages for each month's delinquency]." (Pls.' Mot. for Default Judgment, Ex. C, ¶ 9.) Under ERISA, 29 U.S.C. § 1132(g)(2), such a liquidated damages provision is permissible.

[4] Defendant contends that I should exercise my discretion to not award attorneys' fees. It notes that, under 42 U.S.C. § 1132(g)(1), "[i]n any action under this subchapter . . . the court *in its discretion may allow* a reasonable attorney's fee and costs of action to either party." Id. (emphasis added). Defendant then urges that, considering the five policy factors set forth by the Third Circuit in Ursic v. Bethelehem Mines, 719 F.2d 670, 673 (3d Cir 1983), I should decline to permit an award of attorneys' fees.

    Attorneys' fees here are not discretionary. Paragraph seven of the Plaintiffs' Delinquency Policy states that "[i]n the event a complaint is filed, the delinquent employer *shall pay*, in addition to the delinquent amount due and interest thereon, liquidated damages, any audit

4. Defendant shall permit an audit and accounting of its books to determine whether other amounts may be due to Plaintiffs.  Plaintiffs may apply to the Court for amendment of the amounts set forth herein should such an accounting disclose that additional amounts are due.[5]

5. The Clerk of Court shall mark this case **CLOSED**.

**BY THE COURT:**

**/s/ Mitchell S. Goldberg**



**Mitchell S. Goldberg,             J.**

---

fees and expenses, *reasonable attorney fees*, court costs and other expenses incurred." (Pls.' Mot. for Default Judgment, Ex. C, ¶ 7 (emphasis added).)  Likewise, paragraph 13.3.6 of the CBA provides that "[i]f an [employer] fails to make contributions to the Annuity Fund within thirty (30) days after the date required by the Trustees . . . the [employer] *shall be liable* for all costs for collecting payments due, together with attorneys' fees and such liquidated damages as may be assessed by the Trustees." (Pls.' Mot. for Default Judgment, Ex. A, ¶ 13.3.6 (emphasis added).)  As Defendant does not challenge the amount of Plaintiffs' requested attorneys' fees, these fees shall be awarded in full.

[5]     Defendant contends that Plaintiffs' request for an audit and the right to seek reimbursement for additional fees and costs incurred in collecting fees due is outside the scope of the Complaint and "would amount to clear error of law and manifest injustice that needs to be corrected." (Def.'s Mot. for Reconsideration 3.)

The "Wherefore" clause of the Complaint specifically requested "[i]njunctive relief ordering Defendant to fully submit to an audit of their payroll records by an auditor of the Plaintiffs' choosing at such reasonable times as the Plaintiffs may request" and "[o]ther relief as the Court deems just and proper." (Compl., Wherefore Cl. ¶¶ b & d.)  The United States Supreme Court has held that a court-ordered audit is a permissible form of equitable relief when the trust agreements assigned the trustees the power to demand and examine employer records, and the corresponding responsibility to preserve and maintain trust assets." <u>Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.</u>, 472 U.S. 559, 579 (1985); <u>see also</u> <u>Int'l Union of Operating Eng'rs of E. Pa. & Del. Benefit Pension Fund v. N. Abbonizio Contractors, Inc.</u>, 134 F. Supp. 3d 862, 867 (E.D. Pa. 2015) (permitting audit of funds after entry of default judgment and grant of damages).

Here, paragraph 13.9 of the CBA specifically provides that "[e]ach or any of the Funds . . . may engage a certified public accounting firm to periodically audit the books and records of any contributing [employer] . . . for the purpose of verifying contributions due and owing to the respective Fund and/or liabilities for contributions due and owing to such Fund." (Pls.' Mot. for Default Judgment, Ex. A ¶ 13.9.)

3